# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

PETRÓLEOS MEXICANOS, and
PEMEX-REFINACIÓN

               Plaintiffs

    v.

CONPROCA S.A. DE C.V.,
SK ENGINEERING & CONSTRUCTION
CO. LTD., and SIEMENS
AKTIENGESELLSCHAFT

               Defendants

No. 12-cv-9070-UA

ECF CASE

**COMPLAINT**

JURY TRIAL DEMANDED

GOLDSTEIN & RUSSELL, P.C.

Thomas C. Goldstein
5225 Wisconsin Ave. NW
Suite 404
Washington, DC 20015
T: 202.362.0636
F: 866.574.2033
E: tgoldstein@goldsteinrussell.com

Plaintiffs Petróleos Mexicanos and Pemex-Refinación, by their attorney, bring this action against Siemens Aktiengesellschaft ("Siemens"), SK Engineering & Construction Co. Ltd ("SK," and, together with Siemens, the "Joint Venture Participants"), and CONPROCA S.A. de C.V. ("CONPROCA").

The allegations of this Complaint rest on plaintiffs' own knowledge with respect to their conduct, and upon information and belief as to other matters. Plaintiffs' information and belief are based, among other things, on the contents of a Complaint filed by the Securities and Exchange Commission ("SEC") as well as plaintiffs' own investigation of the facts underlying this Complaint. Plaintiffs therefore believe that discovery from defendants will reveal additional information that further supports plaintiffs' claims.

## NATURE OF THE ACTION

1.      Plaintiffs bring this action to recover damages relating to defendants' pattern of bribery and a conspiracy to commit bribery in violation of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-1, et seq., and Travel Act, 18 U.S.C. § 1952, and therefore the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964. Defendants secured valuable contracts to participate in oil refinery modernization projects in Mexico by bribing officials who worked for plaintiffs. As the projects progressed and issues relating to cost overruns and performance arose, defendants continued to bribe officials in order to maintain their engagement. As a consequence, plaintiffs suffered millions of dollars of harm from the selection of an inadequate contractor, the acceptance of harmful contractual terms, and the acceptance of significant cost overruns. Plaintiffs bring this action to recover those damages.

## THE PARTIES

1.      Plaintiffs Petróleos Mexicanos and Pemex-Refinación are decentralized public entities of the federal government of the United Mexican States ("Mexico"). Petróleos Mexicanos main purpose is to carry out petroleum and natural gas exploration, refining (*i.e.*, plaintiff Pemex-Refinación), and petrochemicals activities within Mexican territory, among others. These public entities collectively referred to herein as "Pemex." Pemex is charged with developing and exploiting Mexico's petroleum and natural gas resources.

2.      Defendant Siemens AG ("Siemens") is incorporated in and has its principal place of business in Munich, Germany. Siemens is a global conglomerate that participates actively in the sectors of energy, infrastructure, industry, and healthcare, among others.

3.      Defendant SK is incorporated in and has its principal place of business in Seoul, Korea. SK is one of the largest conglomerates in Korea, and participates actively in the sectors of energy, housing, architecture, infrastructure, and telecommunications, among others.

4.      Defendant CONPROCA S.A. de C.V. ("CONPROCA") is incorporated in and has its principal place of business in Mexico City, Mexico. CONPROCA is the product of a joint venture agreement between defendants SK and Siemens, and was created for the purpose of bidding for and implementing a refinery modernization contract with Pemex. At its inception, a third party, Grupo Tribasa, also owned a stake in CONPROCA, but Grupo Tribasa later faced bankruptcy, and SK acquired its share in CONPROCA. According to filings by CONPROCA, SK owns an 85 percent interest in CONPROCA, and Siemens owns 15 percent.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) because plaintiffs' RICO claims arise under the laws of the United States.

1

6.      The Court has personal jurisdiction over Siemens because Siemens conducts substantial and continuous business in New York. Siemens lists its stock (in the form of American Deposit Receipts) on the New York Stock Exchange; utilizes New York based attorneys, press agents, and other agents in connection with its securities offerings and filings, as well as its many thousands of U.S. patent applications; and conducts sales and promotion of its products, both through its website and other advertising channels, in the United States. Siemens' global website also states that the United States is its largest regional market. Siemens has also previously filed suit in the United States, including in New York.

7.      This Court also has personal jurisdiction over Siemens because it owns 100% of a U.S. subsidiary, Siemens Corporation, which is an agent of Siemens in the United States. Siemens Corporation conducts the same activities that Siemens would conduct if it were in the United States, selling essentially the same portfolio of goods and services, and promoting the global Siemens brand.

8.      This Court has personal jurisdiction over SK because SK has continuous and systematic contacts with the United States, including opening offices in Irvine, CA and Houston, TX. SK E&C's. 2011 Annual Report states that it intends to "adopt a market coverage expansion strategy in the U.S." and to engage in a "Total Solution Provider" business model in the United States in order to substantially increase its annual revenues.

9.      This Court has personal jurisdiction over CONPROCA because CONPROCA has conducted business in this district and the United States, and has sued plaintiffs in this district for confirmation of an arbitration award in Case No. 11-Civ-9165 (LLS).

10.      Venue is proper under 18 U.S.C. § 1965(a), which permits suit in any district where a defendant has an agent or transacts its affairs, and 18 U.S.C. § 1965(b), which permits

2

an action against multiple defendants to proceed in a single district if the ends of justice require it.

## DEFENDANTS' BRIBERY

11.     In 1996, Pemex sought bids from contractors interested in performing work on a refinery modernization project in the Cadereyta region of Mexico (the "Cadereyta project").

12.     During the bid collection process, individuals associated with defendants, including individuals at Grupo Tribasa, paid bribes to officials at Pemex in order to gain favor for CONPROCA in the bid process. CONPROCA was awarded the Cadereyta project contract in 1997.

13.     During the course of the Cadereyta project, CONPROCA repeatedly exceeded its budget. When disputes over those cost overruns arose, individuals employed by SK, again on behalf of the CONPROCA joint venture, paid additional bribes to officials at Pemex to prevent negative repercussions from the cost overruns.

14.     In 2008, the Securities and Exchange Commission ("SEC") announced an anticorruption investigation against defendant Siemens. On December 12, 2008, the SEC filed a formal complaint against Siemens, in the matter of *U.S. SEC vs. Siemens AG,* Case No. 1:08-cv-02167 before the United States District Court for the District of Columbia (the "SEC Complaint"), which alluded, among other cases around the world, to bribery in connection with Mexican refinery modernization projects.

15.     In a press release accompanying the SEC Complaint, the SEC stated that between March 12, 2001 and September 30, 2007, "Siemens violated the FCPA by engaging in a widespread and systematic practice of paying bribes to foreign government officials to obtain business. Siemens created elaborate payment schemes to conceal the nature of its corrupt

payments, and the company's inadequate internal controls allowed the conduct to flourish. The misconduct involved employees at all levels, including former senior management . . . ." The alleged bribes involved thousands of payments totaling more than $1.4 billion.

16.     Siemens settled with the SEC for approximately $1.6 billion, in the largest corruption settlement ever. The settlement includes confidentiality provisions that prevented most of the facts underlying the allegations in the SEC Complaint from becoming a matter of public record.

17.     After learning of the SEC Complaint and the resulting settlement, Pemex undertook an investigation to determine whether any of its dealings with Siemens were tainted by bribery. This investigation is ongoing.

18.     During its investigation, Pemex has refrained from requesting documents relating to the alleged bribes in Mexico from the SEC, due to the confidentiality provisions of its settlement with Siemens that preclude disclosure of such documents. Pemex believes that such documents would be available, however, in the course of discovery in a civil action.

19.     The investigation later revealed that the CONPROCA joint venture partners bribed and conspired to bribe Pemex officials in connection with the Cadereyta project.

20.     Prior to recent developments in this ongoing investigation, Pemex did not know which of its officials had been bribed, or to what end. The investigation revealed that the payments to officials at Pemex reached high levels. A criminal investigation in Mexico has been substantiated, and is moving forward to uncover the full extent of the corruption.

21.     Prior to its investigation, Pemex also did not know which entities, other than Siemens, had participated in bribery. The investigation revealed that Grupo Tribasa was responsible for paying the initial bribes (prior to the contract being awarded in 1997) and that

individuals acting on behalf of SK paid bribes during the course of performance in an effort to resolve disputes relating to cost overruns.

22.     The investigation further revealed that the bribes were paid with the full knowledge and agreement of each of the Joint Venture Participants and CONPROCA.

23.     The bribes relating to the bidding process ensured that Pemex awarded the contract to Conproca instead of other companies.

24.     The bribes relating to the cost overruns also severely harmed Pemex. After disputes between Pemex and Conproca arose, the parties submitted the matter to arbitration. These cost overrun disputes formed a significant component of the arbitration. During the arbitration, the tribunal relied, in significant part, on documents executed by bribed Pemex officials stating that Conproca's cost overruns were approved. Consequently, an award was rendered against Pemex requiring it to pay for these overruns.

25.     CONPROCA is presently seeking confirmation of that arbitral award in this district in case number 11-cv-9165-LLS. There, CONPROCA has sought to recover over $530 million in principal, interest, and taxes.

26.     Plaintiffs filed this civil action in order to address any potential issues relating to the timeliness of their RICO claims. However, Pemex believes that the issues in this Complaint might best be addressed in the course of the parallel arbitration confirmation proceedings, as opposed to a new civil action. Plaintiffs therefore intend to move for a stay of this civil action pending the outcome of those proceedings.

27.     Because of defendants' unlawful bribes, Pemex has been harmed in its business and property in at least the amount of the arbitral award.

**FIRST CLAIM – VIOLATION OF 18 U.S.C. §§ 1962(c), 1964**

28.     Plaintiffs repeat and reallege paragraphs 1 through 27 of this Complaint as if fully alleged herein.

29.     The Joint Venture Participants constitute "persons" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

30.     CONPROCA constitutes an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) because it is a corporation engaged in and whose activities affect interstate commerce.

31.     The Joint Venture Participants, as well as Grupo Tribasa, participated in the conduct of the CONPROCA enterprise through a pattern of racketeering activity, specifically the bribery scheme described in this Complaint.

32.     The defendants engaged in racketeering activity by violating the Travel Act, 18 U.S.C. § 1952, which makes it unlawful for any individual to utilize any facilities of interstate commerce with intent to facilitate or promote an unlawful activity, including unlawful bribery, and to then facilitate or promote that activity.

33.     In this case, the various defendants used the facilities of interstate commerce to deliver bribes to Pemex officials on multiple occasions, beginning before 1997 and proceeding at least through 2004.

34.     The acts set forth in the previous paragraph constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5) because they involve multiple predicate racketeering acts committed within a ten year period.

35.     This pattern of racketeering activity has injured plaintiffs in their business and property in violation of 18 U.S.C. § 1964(c).

## SECOND CLAIM – VIOLATION OF 18 U.S.C. §§ 1962(d), 1964

36.     Plaintiffs repeat and reallege paragraphs 1 through 35 of this Complaint as if fully alleged herein.

37.     Whenever Siemens AG, SK, or Grupo Tribasa paid bribes to a Pemex official, it did so pursuant to an agreement with its joint venture partners, thus perpetrating a conspiracy to violate the RICO statute in violation of 18 U.S.C. § 1962(d).

38.     These violations injured plaintiffs in their business and property in violation of 18 U.S.C. § 1964(c).

## PRAYER FOR RELIEF

39.     Wherefore plaintiffs respectfully pray for the following relief:

40.     Damages in an amount to be determined at trial, presently believed to total at least $500 million, to be trebled pursuant to the RICO statute, 18 U.S.C. § 1964(c).

41.     Attorney's fees and costs pursuant to 18 U.S.C. § 1964(c).

42.     Any other relief that the Court deems just and proper.

43.     Plaintiffs demand a trial by jury.

Dated: December 11, 2012                    GOLDSTEIN & RUSSELL, P.C.

By: _____

Thomas C. Goldstein
5225 Wisconsin Ave. NW
Suite 404
Washington, DC 20015
t: 202.362.0636
f: 866.574.2033
e: tgoldstein@goldsteinrussell.com

*Attorney for Plaintiffs*