**MEMORANDUM ENDORSED**

**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel   + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/19/13

Direct Dial + 212.819.8357    dhille@whitecase.com

April 18, 2013

**RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
APR 19 2013
UNITED STATES DISTRICT JUDGE**

VIA HAND DELIVERY

Hon. Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  Petróleos Mexicanos and Pemex-Refinación v. CONPROCA, S.A. de C.V., SK Engineering
     & Construction Co. Ltd. and Siemens Aktiengesellschaft, Index No. 12 CV 9070

Dear Judge Stanton:

We are counsel for defendant CONPROCA, S.A. de C.V. ("CONPROCA") in the above
referenced action. We write on behalf of all defendants and in response to plaintiffs' letter to the
Court of even date, requesting another 20-day extension of time to file an amended complaint.
Plaintiffs' request is a continuation of its ongoing strategy to stall these proceedings for as long
as possible and, for the reasons set forth below, defendants respectfully request that it be denied.

Plaintiffs filed the complaint in this RICO action more than four months ago on December 12,
2012 (the "Complaint"). Less than two weeks after filing the Complaint, and before attempting
to serve any of the defendants, plaintiffs moved to stay this action on December 24. In order to
move the case forward, defendants waived service and filed motions to dismiss the Complaint on
March 8, 2013 (the "Motions to Dismiss"), which set forth the numerous facial deficiencies in
the Complaint.

Although plaintiffs' opposition to the Motions to Dismiss was due on March 25, the deadline
passed without any word from plaintiffs. On March 26, after conceding that they had missed the
deadline, counsel for plaintiffs requested a 20-day extension to file an amended complaint
because of scheduling issues and the addition of new counsel. Defendants stated that they were
willing to accommodate a 10-day extension. On March 27, counsel for Plaintiffs asked this
Court to grant the full 20-day extension, and the Court did so, making Plaintiffs' amended
complaint due today.

*Handwritten endorsement:* No specific prejudice to the defendants from the requested extension being exhibited in this response, Plaintiffs' request for an extension of time to serve an amended complaint until May 8, 2013, is granted. However, no further extensions will be granted in that absent a showing of unusually compelling circumstances. So Ordered.

Louis L. Stanton
4/19/13

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT
GENEVA  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MOSCOW  MUNICH  NEW YORK
PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

Hon. Louis L. Stanton

**WHITE & CASE**

April 18, 2013

Instead of timely filing an amended complaint, counsel for plaintiffs purports to have sent an email to defendants on April 17 requesting a further 20-day extension. None of the counsel for defendants received this communication because the email was improperly addressed to all of the lawyers on the defendants' side. We received a subsequent email at 8:42 a.m. today requesting a response to the April 17 email by 9:00 a.m. (i.e., within 18 minutes). We ultimately notified counsel for plaintiffs that we opposed the request for an extension and plaintiffs subsequently brought the issue before the Court by letter.

Plaintiffs' continued delay tactics should not be permitted. It is apparent that plaintiffs did not have facts to support their claims at the time of filing the Complaint, nor do they have any such facts now. Plaintiffs were required to determine whether adequate evidence existed to support their claims *before* filing the Complaint. The fact that, according to their letter to the Court, plaintiffs are still trying to schedule interviews with unidentified witnesses who they believe may have relevant information is not a sufficient basis for further delay. Defendants should not have to continue to suffer reputational harm from the pendency of RICO claims just so plaintiffs can pursue an investigation that they should have completed prior to coming before this Court. Plaintiffs have already had over four months to amend their deficient Complaint and nothing in Plaintiffs' application warrants a further extension.

Accordingly, defendants respectfully request that plaintiffs' request for an additional extension be denied.

Respectfully submitted,

*/s/ David G. Hille*

David G. Hille

cc: All Counsel of Record

2